IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHESTER RONEY,
Individually and as Executor of the
Estate of Henry Clay Roney, Jr.,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:05-0788

GENCORP, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On May 9, 2006, this Court entered an Order denying Gencorp's motion to dismiss Plaintiff's Counts I-IV. Gencorp subsequently filed a motion for reconsideration of that Order (Doc. 156). Gencorp essentially argues that the Court failed to consider relevant and binding West Virginia case law in deciding whether Plaintiff could proceed on his deliberate intention claims under W. VA. CODE § 23-4-2 (2005). Gencorp also argues that the May 9th Order creates manifest injustice permitting Plaintiff's counsel to forum shop for two years only to have his action saved in West Virginia by this Court's interpretation of the law. For the following reasons, Gencorp's motion for reconsideration is **DENIED**.

Gencorp argues that a recently decided case by a state circuit court in West Virginia supports its position that a plaintiff must file a claim for deliberate intention under § 23-4-2 before filing a lawsuit in the court. *See Fullen v. Phillips Elec. N. Am. Corp., et al.*, No. 01-C-319 (Marion Cty. Cir. Ct. April 10, 2006). The court in *Fullen* addressed a very narrow issue, and so stated: "the narrow issue before this Court is whether the language found in the 1994 version of West Virginia

Code § 23-4-2 requires the filing of a workers' compensation benefits claim as a necessary condition precedent to the pursuit of a deliberate intent action against an employer." *Id.* at 4 (footnote omitted). In a footnote, the court stated that while the statute was amended in both 2003 and 2005, the 1994 version is applicable to the plaintiffs' claim. *Id.* at 4 n.3. No further explanation is provided as to why the 1994 version is applicable, but the court's decision rested upon this fact.

The plaintiffs in *Fullen* apparently argued that with the addition of the language "whether filed or not" to the 2005 amendments, the Legislature sought to clarify its intent under the previous versions of the statute that a plaintiff need not file a claim before filing a deliberate intention action. *Id.* at 6. The circuit court rejected that argument on the basis that plaintiffs "posit no evidence supporting their position that the additional language constitutes a mere clarification and not a substantive change in the statute." *Id.* at 6-7. The language used by the *Fullen* court suggests that, in fact, the 2005 amendments do signify the intent of the Legislature to change the interpretation of the statute to ensure that a plaintiff may file a deliberate intention action without first filing a claim under the statute. However, this Court notes that any explanation or suggestion of the meaning of the 2005 amendments is *dicta* since the *Fullen* decision rested upon the 1994 version of the workers' compensation statute. Contrary to Gencorp's argument, the *Fullen* decision does not provide a basis for reconsidering the Court's Order permitting the Plaintiff's deliberate intention action under the 2005 version of § 23-4-2 to proceed.

Gencorp also submits that the Court ignored West Virginia case law holding that a court must apply the version of the workers' compensation statute effective at the time of injury. *See State ex rel. ACF Industries, Inc. v. Vieweg*, 514 S.E.2d 176 (W. Va. 1999). Although the Court did not specifically cite the *Vieweg* case, the Court did cite to other cases suggesting that historically courts

-2-

apply the workers' compensation statute effective at the time of injury. *See* Mem. Op. & Order, May 9, 2006 (Doc. 156) at 6-7. Like the *Fullen* decision, the court in *Vieweg* addressed a very narrow issue on a petition for a writ of mandamus. 514 S.E.2d at 179. This case involved an analysis of W. VA. CODE § 23-4-6 and the 1995 amendments dealing with filing claims for permanent total disability benefits. *Id.* at 179. The court specifically stated,

> The sole issue presented for resolution by this Court concerns which law applies to an injured employee's request for PTD [permanent total disability] benefits when he/she was injured or last exposed to an occupational hazard before the 1995 amendments became effective, on May 12, 1995, but when he/she did not file a request for PTD benefits until after the effective date of such amendments.

*Id.* at 187. The court's holding was equally narrow. *See id.* at 190 ("we hold that when an employee...applies for workers' compensation benefits in the form of a permanent total disability (PTD) award, the employee's application for such compensation is governed by the law...as it existed on the date of the employee's injury.").

While the court analyzed the question of whether to apply a version of § 23-4-6 effective at the time of injury or at the time of filing of the claim, this decision does not hold, as Gencorp suggests, that when filing a deliberate intention action under § 23-4-2 a court must apply the version effective at the time of injury. Its discussion applies only to filing a claim with the workers' compensation system for permanent total disability. This Court was not bound by this decision when determining whether the 2005 amendments to § 23-4-2 applied to this action.

Gencorp further suggests that the Court ignored established case law in permitting the Plaintiffs to proceed on Counts II-IV against Gencorp. *See Tolley v. ACF Ind., Inc.*, 575 S.E.2d 158 (W. Va. 2002). While the trial court also dismissed negligence and product liability claims, the only issue before the Supreme Court of Appeals in *Tolley* was "whether [plaintiffs] raised genuine issues

-3-

of material fact as to each of the five elements [of a deliberate intent action under § 23-4-2(d)(2)(ii)] –a necessary prerequisite to jury consideration of this type of case." *Id.* at 162. The *Tolley* decision deals with one type of deliberate intention claim brought pursuant to § 23-4-2(d)(2)(ii). However, the *Tolley* court does not even mention the other type of deliberate intent action under § 23-4-2(d)(2)(i). In regards to Count II, this Court only found that Plaintiff properly pled facts of fraud under a § 23-4-2(d)(2)(i) deliberate intention claim that if proven will cause Gencorp to lose its immunity from such a cause of action. Further, if Gencorp loses its immunity from liability under § 23-4-2(d)(2), it may be held jointly liable by Count III or Count IV. Gencorp has not provided the requisite justification for this Court to reconsider its finding that dismissal of Counts I-IV against Gencorp was inappropriate.

Finally, Gencorp argues that the Court's May 9th Order creates manifest injustice allowing Plaintiff's counsel to engage in forum shopping before ending up in West Virginia after the workers' compensation statute ran without filing a claim, "only to be rescued by this Court's interpretation, and retroactive application, of the 2005 statute." In 2005, the West Virginia Legislature amended the workers' compensation statute to apply to "all injuries occurring and all actions filed on or after the first day of July, two thousand five." W. VA. CODE § 23-4-2(f). This Court must apply the plain meaning of the language chosen by the Legislature. In this case, Plaintiff filed his action after July 1, 2005. For the same reasons as explained by the Court's May 9th Order, the 2005 amended statute applies in this case.

For the foregoing reasons, the motion for reconsideration of the Court's May 9th Order denying dismissal of Plaintiff's claims against Gencorp is **DENIED** (Doc. 156). The Court

**DIRECTS** the Clerk to send a copy of this written opinion to counsel of record and any unrepresented parties.

       ENTER:  June 5, 2006

       _____
       ROBERT C. CHAMBERS
       UNITED STATES DISTRICT JUDGE