UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| **CHESTER RONEY,** Individually and as Executor of the Estate of Henry Clay Roney, Jr., </br></br>        Plaintiff, </br></br> v. </br></br> **GENCORP, et al.,** </br></br>        Defendants. | ) CASE NO. 3:05-0788 </br> ) </br> ) JUDGE ROBERT C. CHAMBERS </br> ) </br> ) </br> ) </br> ) **DEFENDANTS' REPLY TO PLAINTIFF'S** </br> ) **MEMORANDUM IN RESPONSE TO** </br> ) **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S** </br> ) **INTEND TO USE AND MAY USE EXHIBITS** </br> ) |

Defendants PPG Industries, Inc., Hexion Specialty Chemicals f/k/a Borden Chemical, Inc., and The Goodyear Tire and Rubber Company (collectively "Defendants") hereby submit this Reply to Plaintiff's Memorandum in Response to Defendants' Objections to Plaintiff's Intend to Use and May Use Exhibits ("Mem. Resp.").

Contrary to plaintiff's assertions, Defendants' objections to the various documents on plaintiff's exhibit list have been made in good faith and with good reason. Plaintiff has chosen not to respond to any objections by Defendants on the grounds of Fed. R. Evid. 401 and 403 and on the grounds of motions in limine ("MIL"). Thus, Defendants will not address those objections here. In addition, although plaintiff has chosen not to address hearsay/double hearsay objections to specific documents here, he has generally argued for the admissibility of these types of documents. Thus, Defendants will address those arguments here as well as Defendants' authenticity and "defendants never received" objections.

I.      **Hearsay Objections**

Plaintiff contends that objections on the grounds of hearsay and double hearsay must await trial when the context in which the document is being used is known. (Mem. Resp. at

2.) Nevertheless, plaintiff argues that "many of plaintiff's exhibits will be offered to prove that PPG had notice of the risk of liver damage from vinyl chloride exposure and thus a duty to warn and test." (*Id.*) Yet, plaintiff identifies no specific documents to support this proposition. Further, plaintiff fails to acknowledge that even if a document containing hearsay is not being offered for the truth of the matter asserted, the document must still be relevant to be admissible. As Defendants have argued in their Motion in Limine to Exclude Any Evidence, Argument or Opinion Relating to Defendants' Knowledge that VCM Caused "Liver Damage" or "Liver Injury," Rather than Cancer, notice that exposure to vinyl chloride posed a possible risk of liver damage, especially in lab animals at extreme levels, is irrelevant to show knowledge that it could cause angiosarcoma of the liver in humans. Plaintiff argues that the jury may consider such evidence as indicative of "notice" to PPG of a danger and need to test. But Plaintiff lacks **any** competent scientific testimony to suggest that any "liver damage" discussed in such documents is in any way a precursor or "red flag" for cancer or that any purported "testing" by PPG would have uncovered the risk of cancer. Both are pure speculation and, more, beyond the ken of the average juror. Accordingly, such evidence (or argument) is improper.

    Plaintiff also argues that even if an exhibit contains hearsay, it may be admissible under one or more of the many hearsay exceptions. (Mem. Resp. at 2.) Plaintiff specifically mentions the business records exception, the learned treatise exception and the ancient documents exception. (*Id.* at 2-3.) Yet, each document must still be relevant to be admissible, and each of these exceptions require that certain conditions be satisfied in order for the document to qualify under the specific hearsay exceptions. For example, under Fed. R. Evid. 803(6), the business records exception, plaintiff has failed to identify or present a written declaration of a custodian or other qualified witness who can authenticate the hearsay statements that plaintiff

seeks to offer. Further, under Fed. R. Evid. 803(18), the learned treatise exception, if the statements contained in the learned treatise are admissible (either because an expert witness was cross-examined with them or relied upon them in direct examination), the statements may be read into evidence. They may not be received as exhibits. Thus, these types of documents are not admissible as exhibits. Moreover, in order for the ancient documents hearsay exception to apply, the document at issue must be in existence for twenty years or more and the authenticity of the document must be established. Fed. R. Evid. 803(16). Assuming plaintiff can demonstrate that the documents at issue qualify as ancient documents, the statements contained within the documents plaintiff seeks to introduce are still inadmissible because those statements themselves constitute hearsay statements that are inadmissible under Rules 802 and 805 (hearsay within hearsay) of the Federal Rule of Evidence.

**II.     Authenticity Objections**

Defendants will address plaintiff's responses regarding authenticity objections to specific documents on plaintiff's exhibit list in Exhibit 1, attached hereto. In addition, plaintiff makes several general arguments regarding Defendants' authenticity objections. (Mem. Resp. at 3-4.) First, to the extent a document was a business record generated and produced by PPG, Borden or Goodyear, respectively, Defendants generally agree that there most likely will not be an authenticity issue as to that company's document. However, to the extent the document contains handwriting or other markings that cannot be authenticated, then the objection is proper. In addition, to the extent that a document on plaintiff's exhibit list appears on one of the Defendants' exhibit lists, Defendants will withdraw that authenticity objection subject to it being raised again at trial if the need arises. However, other issues such as relevance, hearsay and undue prejudice may be a factor.

Plaintiff next argues that where *counsel* for PPG, Thompson Hine LLP, represented another entity in this case or in another case that may have produced the document in discovery (e.g., Shell, Goodrich), an objection as to authenticity cannot be made. (Mem. Resp. at 3.) This is nonsense. An attorney/client relationship between Thompson Hine and another former defendant is irrelevant to what documents can be authenticated here by PPG. PPG does not waive the requirements of the rules of evidence at trial by hiring certain counsel. Moreover, Michael J. Farrell of Farrell, Farrell and Farrell, also represents PPG here and he was not involved in the representation of any other defendant in any other vinyl chloride case. Thus, just because other former defendants may have been represented by the same counsel as PPG does not make the authenticity objection invalid, as to it. Further, contrary to plaintiff's contention, just because a document may have been used by and relied upon by witnesses and experts in this or other vinyl chloride cases does not make them admissible evidence at trial under the Federal Rules of Evidence.

Plaintiff's final argument regarding Defendants' authenticity objection is that all of the documents Defendants object to are ancient documents under Fed. Evid. R. 901(b)(8). (Mem. Resp. at 4.) Yet, many of the documents plaintiff seeks to offer into evidence consist of non-party documents, and plaintiff is unable to satisfy the three-part test for the authentication of an "ancient document" pursuant to Fed. Evid. R. 901(b)(8). Plaintiff erroneously asserts that because the documents he seeks to authenticate bear dates that are more than 20 years old, then the authentication requirements of Fed. Evid. R. 901(b)(8) have been satisfied. However, in order to authenticate a document as an "ancient document," Fed. Evid. R. 901(b)(8) requires that the party seeking to authenticate the document establish the following for each document:

> **Evidence** that a document or data compilation, in any form, (A) is in such condition as to create no suspicion concerning its

>authenticity, (B) was in a place where it, if authentic, would likely be, and (C) has been in existence 20 years or more at the time it was offered.

*Id.* (emphasis added). The rule requires evidence to establish these elements. Plaintiff has failed to introduce any evidence to establish that each document was obtained from "a place where, if authentic, the documents would likely be." *Id.*

Plaintiff has failed to cite any evidence as to the source of the documents. The documents were not obtained from parties currently before this Court. Defendants have no knowledge of the documents, and have not been informed by plaintiff where and by whom these documents have been stored for the past 20, 30, 40 or even 50 years. Contrary to plaintiff's contention, the fact that the documents may be more than 20 years old is not sufficient for authentication. It appears that plaintiff has obtained these documents from various third party sources without any verification of where and how they have been stored since their creation. Such verification is required for authentication of ancient documents pursuant to Fed. Evid. R. 901(b)(8). Therefore, plaintiff has failed to establish the authenticity of any of these non-party documents.

### III.  Defendants Never Received Objections

Defendants will address plaintiff's responses to "defendants never received" objections to specific documents on plaintiff's exhibits list in Exhibit 2, attached hereto. In addition, plaintiff argues that Defendants "received" all of the documents that are listed on plaintiff's exhibit list. (Mem. Resp. at 4.) The issue is not whether Defendants received copies of these documents during this or some other recent litigation, but whether the particular defendant actually received the document at or near the time it was created. The fact that these documents may have been produced by some third party, used as exhibits during depositions or attached to motions is irrelevant as to whether a particular defendant in this case actually

received the third party document at the relevant time. These documents are nothing more than plaintiff's back door attempt to impute evidence of another entity's actions, conduct, or knowledge onto Defendants. There is no evidence that Defendants had any knowledge regarding the existence of these documents at the time they were written or whether any of these documents were seen or distributed to these Defendants. Thus, they are inadmissible.

## CONCLUSION

All of Defendants' objections to plaintiff's exhibits have been made in good faith and with good reason. Plaintiff will be unable to authenticate many of the documents included on his exhibit list and Defendants request that they be excluded.

Respectfully submitted
by Defendants, through undersigned Counsel

/s/Timothy J. Coughlin
Timothy J. Coughlin
Andrea B. Daloia
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44144
216-566-5500
216-566-5800 (fax)

Counsel for Defendant
PPG Industries, Inc.

/s/Michael J. Farrell
Michael J. Farrell (WSVB # 1168)
FARRELL FARRELL & FARRELL
914 Fifth Ave.
Huntington, WV  25772-6457
(304)522-9100
(304)522-9162  (Fax)

Counsel for Defendant
PPG Industries, Inc.

| | |
|---|---|
| /s/Joseph D. Lonardo<br>Gail C. Ford<br>VORYS, SATER, SEYMOUR<br>AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>614-464-6394<br>614-719-4718 (fax)<br>Columbus, Ohio 43216-1008 | /s/Michael B. Victorson<br>Michael B. Victorson<br>JACKSON KELLY PLLC<br>P.O. Box 553<br>Charleston, WV  25322-0553<br>304-340-1079 (direct dial)<br>304-340-1051 (fax)<br><br>Counsel for Defendant<br>The Goodyear Tire & Rubber Company |

Joseph D. Lonardo
VORYS, SATER, SEYMOUR & PEASE LLP
1828 L Street, N.W., 11th Floor
Washington, DC  20036
202.467.8811
202.533.9037 (fax)

Counsel for Defendant
The Goodyear Tire & Rubber Co.


/s/Diana Leigh Johnson
Robert Hogan (WVSB # 5979)
Diana Leigh Johnson (WVSB # 7466)
Bowles Rice McDavid Graff & Love LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
304- 347-1100
304- 347-1746 (fax)

Counsel for Defendant
Hexion   Specialty   Chemicals   f/k/a   Borden Chemical, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| **CHESTER RONEY,** Individually and as Executor of the Estate of Henry Clay Roney, Jr., <br><br> Plaintiff, <br><br> v. <br><br> **GENCORP, et al.,** <br><br> Defendants. | CASE NO. 3:05-0788 <br><br> JUDGE ROBERT C. CHAMBERS |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of ***Defendants' Reply to Plaintiff's Memorandum in Response to Defendants' Objections to Plaintiff's Intend to Use and May Use Exhibits*** was served electronically on this 8th day of September, 2009, by using the CM/ECF system that will send notification of filing to the following:

Kelly Elswick-Hall, Esquire
Lyne Ranson Law Offices
1528 Kanawha Blvd., East
Charleston, WV  25311

Andrew S. Lipton, Esquire
Lipton Law, LLC
420 East 11th Street
Durango, CO  81301

Randall D. Collins, Esquire
Herschel L. Hobson, Esquire
LAW OFFICES OF HERSCHEL L. HOBSON
2190 Harrison Ave.
Beaumont, TX  77701-3805

Ronald L. Simon, Esquire
LAW OFFICES OF SIMON & ASSOC.
1707 N. Street NW
Washington, DC  20036

|  |  |
|---|---|
|  | Kevin Powell, Esquire<br>Law Office of Kevin Powell, LLC<br>Capitol One Tower<br>One Lakeshore Drive, Suite 1810<br>Lake Charles, LA  70629 |
| Timothy J. Coughlin, Esquire<br>Andrea B. Daloia, Esquire<br>THOMPSON HINE LLP<br>3900 Key Center<br>127 Public Square<br>Cleveland, OH 44144 | Michael J. Farrell, Esquire<br>FARRELL FARRELL & FARRELL<br>914 Fifth Ave.<br>Huntington, WV  25772-6457 |
| Thorne D. Harris, III<br>3350 Ridgelake Drive, Suite 101<br>Metairie, Louisiana 70002 | Michael B. Victorson, Esquire<br>JACKSON KELLY PLLC<br>P.O. Box 553<br>Charleston, WV  25322-0553 |
| Gail C. Ford, Esquire<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, Ohio 43216-1008 | Richard J. Lorenz, Esquire<br>12777 Jones Road<br>Houston, TX  77070 |
| Joseph D. Lonardo<br>VORYS, SATER, SEYMOUR & PEASE LLP<br>1828 L Street, N.W., 11th Floor<br>Washington, DC  20036<br>202.467.8811<br>202.533.9037 (fax) | Charles M. Love, Esq.<br>Diana Leigh Johnson<br>Robert Hogan<br>Bowles Rice McDavid Graff & Love LLP<br>P.O. Box 1386<br>Charleston, WV 25325-1386 |

By: /s/ Michael J. Farell
Michael J. Farrell, Esquire (WVSB 1168)
**FARRELL, FARRELL & FARRELL, PLLC**
P.O. Box 6457
Huntington, WV 25772-6457
Phone:  (304) 522-9100; Fax:  (304) 522-9162

{F0177545.2 }9