# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

CHESTER RONEY,
Individually and as Executor of the
Estate of Henry Clay Roney, Jr.,

                Plaintiff,

v.                                  CIVIL ACTION NO. 3:05-0788

GENCORP, et al.,

                Defendants.

# ORDER

On September 10th and 11th 2009, the Court heard argument and took evidence on each of the pending motions. The following were resolved as indicated.

1. (Doc. 501) PPG Industries, Inc.'s Motion *in Limine* to Preclude Introduction of Any Testimony or Argument Regarding Communications, or Lack Thereof With Any Union and the Results of Such Communications

Plaintiff does not oppose the motion. Accordingly, the Court **GRANTS** it.

2. (Doc. 511) Defendants' Motion *in Limine* to Exclude Unauthenticated Documents

The Court **ORDERS** Plaintiff, by **Friday, September 18, 2009** to perform the following tasks:

    1) Narrow the list of exhibits
    2) Provide the basis for authenticity of each
    3) Describe the purpose for which each exhibit will be offered.

3. (Doc. 513) <u>Defendants' Joint Motion *in Limine* to Exclude Evidence of Certain Irrelevant and Prejudicial Matters</u>

The only remaining portion of this motion at the time of hearing was to exclude statements that punitive damages should be used to punish for harm to non-parties. Plaintiff's counsel did not object. Accordingly, the Court **GRANTS** the motion. Counsel will be precluded from offering evidence of harm to non-parties without leave of the Court.

4. (Doc. 519) <u>Defendants' Joint Motion *in Limine* to Exclude Hearsay Evidence of Statements Made by Non-Parties.</u>

The Court **ORDERS** Plaintiff, by **Friday, September 18, 2009** to perform the following tasks:

    1) Narrow the list of exhibits
    2) Provide the basis for authenticity of each
    3) Describe the purpose for which each exhibit will be offered.

5. (Doc. 522) <u>Defendants' Joint Motion *in Limine* to Preclude Introduction of Any Evidence Relating to Acroosteolysis and Any Argument Referring to the Same</u>

At hearing, counsel withdrew this motion. As such, the Court **DENIES** it **as moot.**

6. (Doc. 525) <u>PPG's Motion *in Limine* to Exclude Evidence or Argument Regarding Railroad Tank Car Warnings</u>

Plaintiff's counsel did not object to this motion. The Court **GRANTS** it accordingly.

7. (Doc. 527) <u>Defendants' Joint Motion *in Limine* to Preclude Evidence of Conduct After 1974</u>

After hearing argument from the parties, as stated on the record, the Court **DENIES** the motion. Plaintiff may present evidence, even if generated after 1974, which bears upon the state-of-the-art knowledge surrounding vinyl chloride, Defendants' specific knowledge, or Defendants' conduct prior to January 1974.

8. (Doc. 529) <u>Defendants' Motion *in Limine* to Exclude References to Deposition Testimony of Decedents Co-Workers Regarding Exposure to Vinyl Chloride Monomer</u>

The Court **GRANTS** this motion **in part** and **DENIES** it **in part**. Plaintiff will be permitted to reference deposition testimony regarding co-workers vinyl chloride exposure, except that he will not be permitted to reference the incident of a co-worker passing out.

9. (Doc. 531) <u>Plaintiff's Motion *in Limine*</u>

For reasons apparent, and as stated on the record, Court **DENIES** the motion.

10. (Doc. 536) <u>Defendants' Motion *in Limine* to Exclude Expert Opinion Evidence Beyond the Scope of the Expert Reports in Discovery and/or Inconsistent with Previous Testimony</u>

For reasons stated on the record, the Court **DENIES** the motion. Defendants, however, will be permitted to raise objections during trial.

11. (Doc. 538) <u>Defendant's Motion *in Limine* to Preclude Evidence Relating to Efforts to Petition the Federal Government Regarding the Adoption of Occupational Exposure Standards for VCM</u>

For reasons explained on the record, the Court **DENIES** the motion. Plaintiff will be precluded, however, from arguing that liability should be based on efforts to defraud the government.

12. (Doc. 542) <u>Defendants' Motion to Bifurcate Trial</u>

The Court **DEFERS ruling** on this motion until after resolution of summary judgment motions.

13. (Doc. 573) <u>Defendants' Motion *in Limine* to Exclude Improperly Identified Witnesses and Exhibits in Plaintiff's Revised Proposed Pretrial Statement</u>

For reasons explained on the record, the Court **DENIES** the motion. Defendants, however, may raise objections to third party depositions at trial.

14. (Doc. 577) <u>Defendants' Motion *in Limine* to Preclude Introduction of Any Evidence, Argument or Opinion Relating to Defendants' Knowledge that VCM Caused "Liver Damage" or "Liver Injury"</u>

For the reasons stated on the record, the Court **DENIES** the motion. Plaintiff will be permitted to offer evidence relevant to show an increased risk of liver injury.

15. (Doc. 592) <u>PPG Industries, Inc.'s Motion *in Limine* to Exclude Any Argument Reference or Evidence Relating to the Duty to Inspect or Test</u>

At the time of the hearing, Plaintiff had not yet submitted a response. The Court will **take this motion under advisement.**

16. (Doc. 594) <u>Defendants' Joint Motion *in Limine* to Exclude Evidence of Pantasote Ceasing Operations</u>

For reasons explained on the record, the Court **GRANTS** this motion. Plaintiff may seek leave to introduce such evidence if Defendants' open the door.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 14, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE