IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHESTER RONEY,
Individually and as Executor of the
Estate of Henry Clay Roney, Jr.,

                Plaintiff,

v.                                           CIVIL ACTION NO. 3:05-0788

GENCORP, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is PPG Industries, Inc.'s Motion *in Limine* to Exclude Any Argument Reference or Evidence Relating to the Duty to Inspect or Test. The Court heard oral argument on this motion during a September 11, 2009, hearing. After considering the parties' arguments presented both in brief and at hearing, the Court **GRANTS** the motion.

It is well established in West Virginia that some issues are so far outside the ken of an average juror as to require expert testimony. *See Howell v. Biggart,* 152 S.E.2d 323 (W.Va. 1930) ("It is the general rule that want of professional skill can be proved only by expert witnesses."); Syl Pt. 1 *Farley v. Meadows* 404 S.E.2d 537 (W.Va. 1991) ("It is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.") To present an argument that PPG had a duty to inspect or test, Plaintiff would be required to show that based on the state-of-the-art scientific knowledge, a reasonable supplier of vinyl chloride monomer would forsee a likely risk of harm to an end user of that chemical. Parsing evidence of state-of-the-art scientific knowledge, would require interpretation of scientific publications and data

then available to the supplier. Just as a jury is ill equipped to determine, on its own, whether the conduct of a physician met professional standards in the industry, it is ill equipped to analyze and compare scientific literature and data concerning the hazards of vinyl chloride monomer. The jury, therefore, cannot resolve factual questions surrounding the duty to test or inspect without the assistance of a qualified expert.

Here, Plaintiff has presented no expert to fulfill the requisite role. Although he has employed an industrial hygienist, Dr. Jones – who may opine on some of the state-of-the-art knowledge in the industry, he has not rendered an opinion regarding PPG's or any other defendant's duty to test. During the recent hearings on Dr. Jones's testimony, the Court advised parties that he would be limited to testifying as to whether, based on available scientific knowledge, the warnings at the Point Pleasant, West Virginia plaint (where decedent was employed) should have been modified prior to 1974. He will be specifically precluded from opinion upon PPG's specific duty to warn or PPG's specific duty to test or inspect.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 16, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE