IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHESTER RONEY,
Individually and as Executor of the
Estate of Henry Clay Roney, Jr.,

           Plaintiff,

v.                                      CIVIL ACTION NO. 3:05-0788

GENCORP, et al.,

           Defendants.

## ORDER

Pending before the Court are several motions filed by the parties. Addressed in this Order are PPG Industries, Inc.'s Motion to Exclude Testimony of Dr. Peter Infante (Doc. 396); PPG Industries, Inc's Motion to Exclude Testimony of Mr. James Jones (Doc. 398); The Goodyear Tire and Rubber Company's Motion for Summary Judgment (Doc. 400); the Motion for Summary Judgment of Defendant Hexion Specialty Chemicals, Inc. f/k/a Borden Chemical (Doc. 411); Defendant PPG Industries, Inc.'s Motion to Exclude Testimony of Prof. Gerald Markowitz (Doc. 413); Defendant PPG Industries, Inc.'s Motion for Summary Judgment on Plaintiff's Fraud, Conspiracy, and Aiding and Abetting Claims (Doc. 435); Defendant PPG Industries, Inc's Motion for Summary Judgment on Plaintiff's Products Liability Claims (Doc. 440); and Defendants' Joint Motion to Bifurcate Trial (Doc. 542). Each is resolved as indicated below. The Court reserves the right to issue subsequent memoranda opinion orders further explaining the reason for each decision.

**I.      Defendant PPG Industries, Inc's Motion for Summary Judgment on Plaintiff's Products Liability Claims (Doc. 440)**

The Court **DENIES** this motion. The Court **FINDS** issues of material fact exist as to the level of Pantasote's knowledge, Defendant's awareness of Pantasote's sophistication during the time period in question, and the reasonableness of Defendant's reliance upon Pantasote to warn its own workers on the hazards of vinyl chloride monomer. The Court will allow parties to offer evidence in support of their respective theories as to the application of the six-factor test for the sophisticated user/bulk supplier defense as outlined in the Court's prior Memorandum Opinion and Order. *See* Memorandum Opinion and Order of September 4, 2009 (Doc. 612). The Court further **FINDS** that there are issues of material fact regarding the state-of-the-art knowledge on the hazards of vinyl chloride monomer during the time in question.

**II.     Defendant PPG Industries, Inc.'s Motion for Summary Judgment on Plaintiff's Fraud, Conspiracy, and Aiding and Abetting Claims (Doc. 435)**

The Court **GRANTS** this motion. In West Virginia, proof of fraud requires a demonstration of clear and convincing proof on the following elements: 1) that the act claimed to be fraudulent was the act of the defendant or induced by him; 2) that it was material and false; 3) that the plaintiff relied upon it and was justified under the circumstances in relying upon it; and 4) that he was damaged because he relied upon it. Syl Pt. 1 *Lengyel v. Lint*, 280 S.E.2d 66 (W.Va. 1981).

The first element articulated in *Lengyel* may be satisfied either by an affirmative misrepresentation, or an action intended to conceal material information. The act of concealment may be "some action affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to the claim, some artifice to prevent knowledge of the facts or some representation intended to exclude suspicion and prevent inquiry." *Kessel v. Leavitt,* 511

S.E.2d 720, 753 (W.Va. 1998) (quoting *Lock v. Shreppler,* 426 A.2d 856 (Del. Super. 1981). In other words, the non-disclosure of information is not enough to support a claim of fraudulent concealment; there must be some action coupled with an intent to deceive. *See* Restatement (Second) of Torts § 550 ("[Any person] who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability . . . as though he had stated the nonexistence of the matter. . . .").

The reliance element of fraud can be satisfied by indirect as well as direct reliance. Direct reliance is the more typical basis, where the plaintiff is misled directly by communications he received (or did not receive) from the tortfeasor. West Virginia law also recognizes fraud by indirect reliance, where representations are not made directly to the party deceived, but to another "who communicated them to [the plaintiff] and thereby misled him to his injury." *Basham v. General Shale Products Corp.* 1993 WL 65086 (4th Cir. March 10, 1993); *Lowance v. Johnson* 84 S.E.2d 937, 940 (W.Va. 1915). Even under a theory of indirect reliance, however, the burden rests on the plaintiff to show that the injured party actually received misinformation generated by the defendant.

In this case Plaintiff has failed to provide evidence upon which a reasonable juror could base a finding of "clear and convincing proof" on each element of *Lengyel*. *See* Syl. Pt. 5 *Tri-State Asphalt Products, Inc. v. McDonough Co.*, 391 S.E.2d 908 (W.Va. 1990) ("Allegations of fraud, when denied by proper pleading, must be established by clear and convincing proof."). The state-of-the-art knowledge regarding the risks of liver injury attributable to vinyl chloride monomer prior to 1974 is not so clear that the non-disclosure of one scientific finding or another can constitute clear and convincing proof of a defendant's intent to deceive. In other words, Plaintiff has not shown that any study was so material to the understanding of the risks of vinyl chloride, that its non-disclosure

rises to the level of fraud. Additionally, many of the alleged misrepresentations or omissions upon which Plaintiff bases his claims of fraud were not even indirectly relied upon by Mr. Roney.

### III. The Goodyear Tire and Rubber Company's Motion for Summary Judgment (Doc. 400)

The Court **GRANTS** Goodyear's motion for summary judgment. The Court **FINDS** that Plaintiff has failed to provide evidence sufficient to support his claim of fraud, and further, that a claim of "intentional failure to warn" will not support claims of conspiracy or aiding and abetting. As such, there is no intentional tort upon which to base Plaintiff's claims of conspiracy or aiding and abetting. Finally, the Court **FINDS** that Plaintiff has failed to provide evidence which would demonstrate that Goodyear had an intent to enter an agreement or to act in concert with another party to commit an intentional tort against the decedent. Claims against Goodyear must fail.

### IV. Motion for Summary Judgment of Defendant Hexion Specialty Chemicals, Inc. f/k/a Borden Chemical (Doc. 411)

The Court **GRANTS** Hexion's (f/k/a Borden) motion for summary judgment. The Court **FINDS** that Plaintiff has failed to provide evidence sufficient to support his claim of fraud, and further, that a claim of "intentional failure to warn" will not support claims of conspiracy or aiding and abetting. As such, there is no intentional tort upon which to base Plaintiff's claims of conspiracy or aiding and abetting. Finally, the Court **FINDS** that Plaintiff has failed to provide evidence which would demonstrate that Hexion had an intent to enter an agreement or to act in concert with another party to commit an intentional tort against the decedent. Claims against Hexion must fail.

### V.     Defendant PPG Industries, Inc.'s Motion to Exclude Testimony of Prof. Gerald Markowitz (Doc. 413)

The Court **GRANTS in part** and **DENIES in part** PPG's motion.  Professor Markowitz will be allowed to offer testimony regarding the historical context and industry associations involved in the events at issue.  Professor Markowitz will not, however, be allowed to offer any opinion regarding Defendant's intent or state of mind, such as a lack of forthrightness on the part of a Defendant.  He will not be permitted to offer an opinion which imputes actions or understandings of one or two companies at a meeting to all of those who may have been present at the meeting.  Such opinions would risk imposing liability based simply upon a Defendant's membership in an industry association or presence at a meeting, rather than a Defendant's own actions or omissions.  Plaintiff lacks clear and convincing evidence that any of the Defendants deliberately acted to prevent the discovery of material information concerning the known exposure risks of vinyl chloride monomer.  Plaintiff has not shown that Markowitz's opinions to this effect are sufficiently reliable to satisfy the requirements of *Daubert* and its progeny, and are therefore inadmissible. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

### VI.     PPG Industries, Inc.'s Motion to Exclude Testimony of Dr. Peter Infante (Doc. 396)

The Court **GRANTS in part** and **DENIES in part** PPG's motion.  Dr. Infante may rely on the exposure assessment performed by Mr. Jones.  Also, Dr. Infante will be permitted to offer his opinion as an epidemiologist that the most likely cause of decedent's liver cancer was his exposure to vinyl chloride monomer.  He will not, however, be permitted to testify as to his opinion that

decedent was exposed to intermittent daily exposure levels as high as 6,000 to 16,000 ppm or that decedent was exposed to levels sufficient to produce unconsciousness.

### VII. PPG Industries, Inc's Motion to Exclude Testimony of Mr. James Jones (Doc. 398)

The Court **GRANTS in part** and **DENIES in part** this motion. Mr. Jones will be permitted to offer his exposure level assessment, including his opinions as to the odor threshold for vinyl chloride monomer. He may also testify as to the role of an industrial hygienist in receiving scientific and epidemiologic studies and using them to determine when an employee's warnings or training should be changed to incorporate the new information. He will not be permitted to testify as to what specific warnings a supplier or manufacturer should provide to users.

### VIII. Defendants' Joint Motion to Bifurcate Trial (Doc. 542)

Having determined that Plaintiff's claims of fraud, conspiracy, and aiding and abetting must fail, the Court **DENIES** the motion to bifurcate **as moot**. There is only one claim and one Defendant remaining and no justification to bifurcate.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 18, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE