IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHESTER RONEY,
Individually and as Executor of the
Estate of Henry Clay Roney, Jr.,

       Plaintiff,

v.            CIVIL ACTION NO. 3:05-0788

PPG Industries, Inc.,

       Defendant.

## ORDER

On September 24, 2009, the Court held a hearing on the remaining pretrial motions. They were resolved as follows:

### (Docs. 511 and 519) Defendant's Motions *in Limine* to Exclude Unauthenticated Documents and Hearsay

Based on representations made at hearing, the Court understands that the parties have narrowed the list of objectionable documents to a number between 15 and 20. Plaintiff is **ORDERED** to organize these documents, along with basis for authenticity and admissibility, and present them to the Court during the final settlement conference on Monday, September 28, 2009.

### (Doc. 635) PPG's Supplemental Motion *in Limine* to Exclude Peter F. Infante's Opinion Evidence Inconsistent with Previous Testimony

For reasons stated on the record, the Court **GRANTS** this motion. If Plaintiff wishes to question Dr. Infante about a matter not within his report, or which he has abdicated during deposition, he must first seek leave of the Court.

**(Doc. 640) PPG's Motion *in Limine* to Exclude Evidence and Argument Regarding Purported Duty to Warn Based on Medical Tests Conducted By PPG at Its Own Facility**

The Court **DENIES** the motion and will allow Plaintiff to introduce evidence that PPG had a liver testing program for vinyl chloride workers at its Lake Charles, Louisiana facility. The Court is not yet ruling on the admissibility of evidence that non-parties conducted similar testing during the relevant time period. The Court **GRANTS** Defendant's request to amend its witness list. The Court, however, **ORDERS**, that this new witness be made available to Plaintiff for a discovery deposition, in Huntington, West Virginia, before he may testify at trial.

**(Doc. 648) PPG's Motion for Clarification of the Court's September 18, 2009 Orders**

The Court **DENIES** this motion. As previously indicated, James Jones, Plaintiff's expert industrial hygienist, will be allowed to testify as to his opinion on whether, based on available scientific knowledge, the warnings at the Point Pleasant plant should have been modified prior to 1974. Also he may testify as to the role of an industrial hygienist in receiving scientific and epidemiologic studies and using them to determine when an employee's warning or training should be changed to incorporate the new information. From this testimony, the jury will be allowed to conclude that the studies and findings discussed by Jones would put an expert industrial hygienist on notice of a known or possible risk associated with vinyl chloride monomer. This testimony is directly relevant to the jury's ultimate finding on whether PPG failed to warn of a known or possible danger associated with its product.

The Court will also permit Dr. Markowitz to testify regarding the historical context of the events in question. Plaintiff is entitled to use his testimony to explain to the jury who the relevant associations and entities are, which companies participated in which meetings, and any actions taken

in a meeting.  Dr. Markowitz will be permitted to testify as to the evolution of standards and the course that regulatory agencies took in the development of these standards.  Dr. Markowitz will not be permitted to testify that members of the industry were not forthright, or otherwise give his opinion about a person or entity's state of mind.  He may not give an opinion about the contents of a document, and may only point out what the document clearly states on its face.  He may not give an opinion that would require scientific training, such as the meaning or significance of particular studies in the context of the state-of-the-art knowledge.   Obviously, Dr. Markowitz's testimony must adhere not only to the limitations of this Order, but any other Order previously issued by this Court.

### (Doc. 657) Plaintiff's Pre-trial Motion Regarding the Court's Order of September 4, 2009 and Defendant's Sophisticated User Defense.

For the reasons explained on the record, the Court **DENIES** this motion.  The Court **FINDS** there are material issues of fact concerning the reasonableness of PPG's reliance on Pantasote to inform and protect its workers from hazards associated with vinyl chloride.  Defendant will be allowed to present testimony regarding Pantasote's knowledge during the time period in question.  In order to receive the benefit of a jury instruction on the sophisticated user defense, Defendant must also provide evidence that PPG reasonably relied on Pantasote during the time period in question.  At the close of evidence the Court will determine whether a jury instruction on the defense is appropriate.

### (Doc. 658) Defendant's Motion for Certification and Authentication of West Virginia Public Health Regulations First Published in 1961.

There is no dispute as to the authenticity of this document.  The Court **GRANTS** the motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:       September 25, 2009

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE